Regina FITZGERALD, Plaintiff-Appellee,

v.

SIRLOIN STOCKADE, INC., Defendant-Appellant.

No. 78–1593.

United States Court of Appeals, Tenth Circuit.

Oct. 10, 1980.

Terry W. Tippens, Oklahoma City, Okl. (Margaret McMorrow-Love, Oklahoma City, Okl., with him on brief), of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for plaintiff-appellee.

Jim Ikard, Oklahoma City, Okl. (Robert Jernigan, Oklahoma City, Okl., with him on brief), for defendant-appellant.

Issie Jenkins, Acting Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, and Phillip B. Sklover, Atty., E. E. O. C., Washington, D. C., filed an amicus curiae brief.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

DOYLE, Circuit Judge.

This court, acting through the undersigned and Judges Holloway and Barrett, rendered and filed an opinion generally affirming the judgment of the district court and did so on March 5, 1980, 624 F.2d 945. Reference in that opinion was made to a remark of the trial judge in his very thorough findings and conclusions which suggested that the plaintiff in the suit below, Regina Fitzgerald, was part of a training program conducted by Sirloin Stockade, Inc. The cause was remanded to the district court for the purpose of allowing the district court to consider whether it had indeed intended to find that the plaintiff had been involved in a formal training program. It was further ordered that after the trial court had completed its findings that it was directed to return a report to this court for final determination.

The trial court's memorandum opinion clarifying its findings has now been received. In those findings the court explained that he was referring not to any formal training program but rather to an on the job training program which the plaintiff shared with certain male employees. The men were advanced at a much more meaningful and faster rate than was the plaintiff notwithstanding the fact that she had had about the same exposure as the men who were working with her at the time. The trial court has said that the reference to the training program was merely a reference to the activities of the Sirloin Stockade that served to prove discriminatory action on the part of the Sirloin Stockade toward the plaintiff-appellee. This court has examined the supplemental findings and is of the opinion that this fully clarifies any ambiguity which existed concerning the training program.

Accordingly the supplemental findings of the court are received and approved and that part of the judgment which was not affirmed previously is now affirmed.